JUDGE CARTER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

**19 CV 11761**

| | |
|---|---|
| FSA STORE INC. | Civil Action No. _____ |
| Plaintiff, | |
| v. | |
| OLIVER TAKACH, individually and d/b/a PENGY.CO | |
| Defendant. | |

## [PROPOSED] ORDER

THIS MATTER comes before the Court upon the Application for *Ex Parte* Temporary Restraining Order and Preliminary Injunction, filed by Plaintiff FSA Store ("Plaintiff") against Defendant Oliver Takach, individually and doing business as Pengy.co. ("Defendant").

After consideration of Plaintiff's Application, the Court finds that the Application should be **GRANTED**.

Further, the Court finds that the Temporary Restraining Order shall be issued *ex parte*. Specifically, Defendant is engaged in online sales of products it has misrepresented as being FSA-eligible through pengy.co and continues to use Plaintiff's mark FSA STORE there, in direct competition with Plaintiff and without its authorization. The critical period for FSA holders looking to spend their FSA funds is now, through December 31, at which time, for the majority of FSA holders, some if not all of their FSA funds will be forfeited. As such, if the requested Temporary Restraining Order is not granted *ex parte*, there is a substantial risk that consumers will be deceived by pengy.co's misrepresentations that all of its products are FSA-eligible (when they are not) and will be mistaken as to the source of Defendant's goods and services as promoted under Plaintiff's Mark, and to the endorsement or sponsorship of, or the affiliation or

association of FSA Store with pengy.co, and Plaintiff will suffer immediate and irreparable injury, loss and/or damage as a result.

**IT IS THEREFORE ORDERED ADJUDGED AND DECREED** that Defendant, its agents, officers, servants, employees, and affiliates, and all those persons in active concert or participation with them, are **TEMPORARILY RESTRAINED** from:

1) offering, advertising, or promoting any product or making false or misleading representation or descriptions of fact, in any medium, as FSA-eligible, unless and until the product sold actually qualify for FSA eligibility in connection with the pengy.co website, any other domain or website that may be activated by plaintiff to substitute for the pengy.co website;

2) using the FSA STORE mark, or any variations or spellings that are confusingly similar thereto, either aurally or in written form, including but not limited to FSAstore,, including in connection with the pengy.co website, any other domain or website that may be activated by plaintiff, including to substitute for the pengy.co website, as a service mark, trademark, trade name, domain name, or component thereof, or otherwise to market, promote, advertise or identify or describe Defendant's business or good and services;

3) otherwise infringing FSA Store's marks; and

4) using misleading advertising or other materials to suggest affiliation or association with, or sponsorship or endorsement by Plaintiff of Defendant's goods and/or services when no such affiliation, association, sponsorship or endorsement exists.

~~A bond in the amount of $_____ shall be paid by Plaintiff;~~

-2-

Such order is effective immediately and will remain in effect until 5:00 a.m./p.m. on the 6 day of January 2020.

Plaintiff's counsel shall serve a copy of this order on Defendant (or its counsel, if known) on or before 10 a.m./p.m. on the 26 day of December, 2019; and

~~Defendant must submit a sworn statement acknowledging receipt of the Temporary Restraining Order by December 30, 2019, at 9:00 a.m.~~

Dated: December 23, 2020

_____
United States District Judge
Andrew L. Carter, Jr.